**Miguel ARROYO–SOLORIO, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

No. 13–72560.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 24, 2016.*

Filed Feb. 29, 2016.

Ricardo Vidal, Law Offices of Ricardo Vidal, P.A., San Diego, CA, for Petitioner.

Rosanne Perry, Trial, OIL, U.S. Department of Justice, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

---

*See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: LEAVY, FERNANDEZ, and RAWLINSON, Circuit Judges.

### MEMORANDUM **

Miguel Arroyo–Solorio, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo due process claims. *Fernandez v. Gonzales,* 439 F.3d 592, 603 (9th Cir.2006). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the agency's determination that Arroyo–Solorio failed to demonstrate the exceptional and extremely unusual hardship necessary for cancellation of removal. *See Vilchiz–Soto v. Holder,* 688 F.3d 642, 644 (9th Cir.2012) (order) ("[A]bsent a colorable legal or constitutional claim, we lack jurisdiction to review the BIA's discretionary determination that an alien failed to prove that removal would result in exceptional and extremely unusual hardship. . . . ").

Arroyo–Solorio's contention that the agency improperly weighed his evidence of hardship is not a colorable question of law that would invoke our jurisdiction. *See De Mercado v. Mukasey,* 566 F.3d 810, 816 (9th Cir.2009).

Although Arroyo–Solorio contends the BIA failed to consider all of his evidence, he has not overcome the presumption that

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the BIA did review the record. *See Fernandez,* 439 F.3d at 603.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**